Mark S. Lee (SBN: 94103)
RIMON P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: (310) 561-5776
Email: mark.lee@rimonlaw.com

David I. Greenbaum
*(Admission Pro Hac Vice to be filed)*
RIMON P.C.
400 Madison Ave., Suite 11D
New York, NY 10017
Telephone: (646) 779-0787
Email: david.greenbaum@rimonlaw.com

*Attorneys for Plaintiff Faze Games FZ LLC*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAZE GAMES FZ LLC,<br><br>Plaintiff,<br><br>v.<br><br>LEAP BİLİŞİM TEKNOLOJİLERİ VE YAZILIM TİCARET ANONİM ŞİRKETİ,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Faze Games FZ LLC ("Plaintiff" or "Faze Games"), by and through its undersigned counsel, complaining of defendant Leap Bilişim Teknolojileri ve Yazılım Ticaret Anonim Şirketi ("Defendant" or "Leap Bilişim"), respectfully alleges with knowledge as to itself and otherwise on information and belief as follows:

## INTRODUCTION

1. Defendants infringe of the copyright in Plaintiff's hit mobile game, Triple Match City. Defendant copied an original combination of specific, expressive elements, including the selection, arrangement, and sequencing of its gameplay and

audiovisual elements, ultimately replicating the distinctive look and feel of the game. This copying includes an original combination of Plaintiff's game's image layouts, tutorial flows, level designs, user interface elements, and the timing and presentation of core features. Defendants launched their infringing game, Town Match!, on the same platforms as Plaintiff's game, targeting the same consumers to divert traffic and revenue. Plaintiff seeks to stop Defendant's ongoing infringement.

## THE PARTIES

2.  Plaintiff Faze Games FZ LLC is a software game developer. Plaintiff is a Free Zone Limited Liability Company incorporated in the United Arab Emirates in the Abu Dhabi Creative Zone.

3.  Plaintiff has registered office at P.O. Box: 769456, Creative Zone, Abu Dhabi, United Arab Emirates.

4.  Faze Games has offered, through its publisher Ferah Games L.L.C-FZ ("Ferah Games"), the hidden-object adventure game app Triple Match City ("TMC App") on Google Play since June 2022, and on the Apple App Store since October 2023.

5.  Defendant Leap Bilişim is a game publishing company. Defendant is a Turkish Joint-Stock Company established in Istanbul, Turkey but through online services and otherwise, doing business in the United States.

6.  Defendant has its principal place of business in the Emirgan Neighborhood, Emirgan Mektebi Street No: 11, Interior Door No: 2, Sarıyer, 34467 Istanbul, Turkey.

7.  Defendant has been offering on Google Play and Apple App Store an infringing version of Plaintiff's "Triple Match City" app as a hidden object adventure game app titled "Town Match!" (the "Infringing App") since approximately July 9, 2025.

## JURISDICTION AND VENUE

8.  The Court has subject matter jurisdiction over this action pursuant to

28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (action arising under an Act of Congress relating to copyrights).

9. This action is brought under the Copyright Act of 1976, as amended (17. U.S.C. § 101 *et seq*.) and as applicable though the Berne Convention.

10. This Court has personal jurisdiction over the parties, and venue is proper in this District, pursuant to 28 U.S.C. §§ 1391 and 1400 because this is the judicial district where Defendant is conducting business and committing copyright infringement and other illegal acts as alleged in this Complaint in this District.

11. Defendant is not a resident of the United States. Accordingly, for venue purposes, Defendant may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

12. Defendant has acknowledged this Court's personal jurisdiction over Defendant. In a counter-notification under 17 U.S.C. § 512(g)(3)(D) Defendant submitted to Google, Defendant designated the Northern District of California as the federal district for jurisdiction and expressly consented to jurisdiction in this District. See Exhibit A. Further, Defendant purposefully directs its business activities to the United States, including this district in California, by distributing its Infringing App through the Google Play and Apple App Store platforms to residents of this state and district. Google Play and Apple App Store are headquartered or have a significant presence in this state and district.

13. The Court also has personal jurisdiction over Defendant under Rule 4(k)(2) of the FRCP. Defendant purposefully directs its distribution of the Infringing App to the United States through major app-store platforms and derives revenue from U.S. users, including in this District.

## BACKGROUND FACTS

14. Plaintiff is the owner of all right, title, and interest in the copyright for the Triple Match City mobile game, including its unique artwork, audiovisual elements, and the selection, arrangement, and sequencing of its user interface and gameplay ("Copyrighted Work"). Plaintiff asserts no rights or claims in third-party

intellectual property incorporated into the game, and no infringement allegations in this action are predicated on such third-party intellectual property.

15. The Copyrighted Work is not a "United States work" under 17 U.S.C. § 101. It was created entirely outside the United States by non-U.S. citizens and was first published outside the United States in June 2022. Accordingly, registration of the copyright is not a prerequisite for this infringement action under 17 U.S.C. § 411(a).

16. Faze Games owns, and at all relevant times has owned, all right, title, and interest in and to the Copyrighted Work and the exclusive rights enumerated in 17 U.S.C. § 106 pursuant to applicable international treaties and U.S. copyright law. The Copyrighted Work was authored by Faze Games' personnel and contractors outside the United States, and Faze Games acquired all rights in any contributor content pursuant to written work-for-hire and/or assignment agreements. Faze Games distributes the TMC App on Google Play and the Apple App Store through its third-party publisher, Ferah Games L.L.C-FZ, under a publishing arrangement that confers no ownership interest in the Copyrighted Work, but which permits Ferah Games to distribute and take action to protect Faze Game's copyright interests on Faze Games' behalf; Faze Games at all times has retained and retains exclusive ownership and the right to enforce its copyrights.

17. Since launch, the TMC App has achieved substantial popularity and strong user ratings on major app-store platforms in the United States.

18. On information and belief, the TMC App has generated significant revenue and user engagement.

19. The TMC App generates substantial user traffic and monetization for Faze Games.

20. Faze Games is informed and believes that Defendant did not independently create its Infringing App. Instead, on information and belief, Defendant systematically copied protected, expressive elements from Plaintiff's

TMC App to replicate its distinctive look, feel, and gameplay experience. For example, the Infringing App's splash screen reproduces the composition of the TMC App's screen, which depicts original characters being pulled upward in a vertical motion accompanied by floating objects, the Infringing App replicates this same expressive visual concept, character positioning, motion, and overall composition.

21.     Defendant's copying is evident in the onboarding tutorials of the Infringing App. Beyond introducing similar or identical concepts, Defendant reproduces Faze Games' expressive tutorial choreography and presentation, which are not constrained by functional necessity or industry standards in their expressive implementation: the same darkened-background treatment; the same style and placement of animated hand cues; the same highlight shapes and color treatments on targeted user interface elements; the same step-locked interaction order; and substantially the same on-screen instructional phrasing and pacing across successive tutorial steps. The tutorials present mechanics in an idiosyncratic sequence paired with distinctive visual staging, timing, and screen layouts that Faze Games selected from numerous available alternatives

22.     The copying also extends to specific level designs. For instance, the map compositions for Levels 5 and 14 in the Infringing App demonstrate near-identical road geometry, object groupings, and spatial hierarchy as the corresponding levels in the TMC App, despite superficial asset swaps (e.g., replacing a red-roofed house with a red lighthouse). This demonstrates copying of the expressive composition of the levels, not merely functional elements. Further, it presents similar expressive compositions in the same order and levels as the TMC App. These expressive compositions reflect discretionary creative choices selected from numerous available alternatives..

23.     Defendant's copying thereby targets the particularized selection, arrangement, and sequencing of expressive elements that, in combination, comprise the Copyrighted Work's distinctive look, feel, and gameplay experience.

24. The copying further extends to the games' progression and the booster system as expressed through specific visual and textual implementations. The Infringing App reproduces the same selection, arrangement, visual presentation, and progression logic of Faze Games' boosters, including identical booster types, iconography, color schemes, numerical counters, screen layout, tutorial prompts, and unlock sequence. Defendant also reproduces Faze Games' distinctive progression milestone treatment (including the first "Hard Level") with the same color scheme, badge shape, and placement; and mimics reward presentations with matching typography, color highlights, overlay layout, and animation pacing. These expressive combinations—selected from numerous available alternatives—and their sequencing create a distinctive look and feel that Defendant has replicated. The cumulative effect of these similarities demonstrates deliberate copying rather than independent creation or adherence to genre conventions.

25. Defendant admitted copying elements from Plaintiff's game in email correspondence to Plaintiff, stating their app was "inspired by TMC" and "and unfortunately, we went overboard and made it too similar in some areas." Defendant further "agree[d] with [Plaintiff] on the other issues you mention…and we are continuing to make changes" Defendant further stated that it "agree[d] that you're right" about Defendant's infringement of Faze's TMC App. A true and correct copy of this communication in the original Turkish, along with an English translation, is attached as Exhibit B.

26. As a result of Defendant's infringing conduct, consumers in the United States have downloaded the Infringing App, diverting user traffic, goodwill, and monetization away from Triple Match City. This diversion has harmed Plaintiff's economic interests as the copyright owner.

- 6 -
COMPLAINT

## CLAIM FOR RELIEF

### Copyright Infringement

### (17 U.S.C. §§ 101 et seq.)

27. Plaintiff hereby incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

28. Plaintiff is the copyright owner of the TMC App. Plaintiff's ownership of the copyrights at issue confers standing to enforce its exclusive rights under 17 U.S.C. § 106.

29. Plaintiff's copyrighted TMC App is not a "United States work" pursuant to 17 U.S.C. § 101 and is not subject to the registration requirement under 17 U.S.C. § 411(a).

30. Defendant had access to the Copyrighted Work. The TMC App has been publicly available on major application platforms since at least June 2022, and Defendant has admitted to being "inspired by" it.

31. Without authorization, Defendant copied the protected expression in the TMC App, including the selection, arrangement, and sequencing of its gameplay, user interface, and audiovisual elements, to create the Infringing App.

32. The Infringing App is substantially similar to the Copyrighted Work because it copies the particularized expression in the selection, arrangement, and sequencing of Plaintiff's creative work.

33. Neither Plaintiff nor its publisher Ferah authorized Defendant to copy, reproduce, distribute, or create any derivative work based on the copyrighted TMC App.

34. Defendant thus unlawfully appropriated Plaintiff's protectable expression.

35. Defendant's conduct violates Plaintiff's exclusive rights under 17 U.S.C. § 106 and constitutes copyright infringement under 17 U.S.C. § 501.

36. Defendant damaged Plaintiff by intentionally copying Plaintiff's valuable content and using a counterfeit to target the same consumers and tap into Plaintiff's previously generated user traffic and related advertising income.

37. Defendant also damaged Plaintiff by offering its inferior counterfeit to Plaintiff's consumer base and causing a current and long-term reputational damage to Plaintiff.

38. On information and belief, Defendant's infringement has been willful, intentional, and purposeful. Defendant admitted to copying Plaintiff's work and continued its infringing conduct even after being put on notice by Plaintiff.

39. Defendant's infringing activity was willful, intentional, and purposeful.

40. Defendant damaged Plaintiff in an amount to be determined at trial.

41. Unless enjoined and restrained by the Court, Defendant's conduct is causing and will continue to cause Plaintiff irreparable injury that cannot be compensated by monetary damages. As such, pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of Plaintiff's copyrighted work.

## JURY TRIAL DEMAND

42. Plaintiff hereby demands a jury trial on all triable issues.

## PRAYER FOR RELIEF

Accordingly, Plaintiff prays for judgment against Defendant as follows:

a. A judgment in favor of Plaintiff against Defendant on all claims;

b. That pursuant to 17 U.S.C. § 502, the Court issue a preliminary and permanent injunction enjoining and restraining Defendant from offering Defendant's infringing mobile applications;

c. That the Court award Plaintiff damages sufficient to compensate Plaintiff for Defendant's wrongful conduct;

d. That the Court award Plaintiff pre-judgement and post-judgment interest; and

e. That the Court award Plaintiff such other and further relief as the Court deems just and proper.

Dated: January 20, 2026

**RIMON P.C.**

By: */s/ Mark S. Lee*
Mark S. Lee (SBN: 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: (310) 561-5776

David I. Greenbaum
*(Admission Pro Hac Vice to be filed)*
david.greenbaum@rimonlaw.com
400 Madison Ave, Suite 11D
New York, NY 10017
Telephone: (646) 779-0787

*Attorneys for Plaintiff*
*Faze Games FZ LLC*

# Exhibit A

Wednesday, January 7, 2026 at 1:29:09 PM Greenwich Mean Time

**Subject:** Re: [1-9003000039784] Your Request to Google
**Date:** Tuesday, 6 January 2026 at 05:49:38 Greenwich Mean Time
**From:** removals@google.com
**To:** legal@ferahgames.com

Hello,

Thanks for reaching out to us.

In response to your copyright removal request, we've removed the content in question in all regions. However, the affected user has submitted a counter notice to dispute the removal. To help you understand the counter notice, a text copy is shown below.

We will reinstate the content in question in 10 business days unless you file a legal action seeking a court order to restrain the alleged infringement. Alternatively, you may have access to an out-of-court dispute resolution process. To learn more about your options in the EU, go to https://support.google.com/european-union-digital-services-act-redress-options. To learn more about your options in the US, go to https://support.google.com/legal/answer/4558836.

If you choose to pursue one of these options, please send us supporting documentation. If we receive your documentation after we have reinstated the alleged infringing content, we will reverse the reinstatement.

====================================

Full legal name
Can Kaşikci
Contact email address
can.kasikci@leapgames.mobi
Country of residence
TR
Company name
LEAP BİLİŞİM TEKNOLOJİLERİ VE YAZILIM TİCARET ANONİM ŞİRKETİ
Job title
General Manager
Address
Açelya sok. a2 blok
Daruşşafaka mah. Sarıyer/Istanbul
Phone number
05442904186
Why are you requesting reinstatement?
İçeriğin sahibi benim.
Please provide more details to justify your request
I am the rightful owner of Town Match! The infringement claims are without merit and appear to be filed in bad faith.

MISLEADING COMPLAINT:
The complainant has deliberately used outdated screenshots and misrepresented feature locations to create a false impression of similarity. This is not a good faith copyright claim.

KEY FINDINGS:
FALSE EVIDENCE - Screenshots are outdated. Extra Time appears at L16, not L14 as claimed.
INDUSTRY STANDARD - All features exist in Match Factory, Magic Sort, Royal Match, Candy Crush & 50+ other games. First hard level at L14 with purple badge is universal practice.
NOT COPYRIGHTABLE - Game mechanics, UI patterns, and numerical values are excluded from copyright protection under 17 U.S.C. § 102.
ORIGINAL ASSETS - All Town Match! visual assets, characters, and art style are 100% original.

PRIOR REVIEW:
The same complaint was submitted to another major app distribution platform. After review, no action was taken against our application, confirming these claims lack merit.
DETAILED EVIDENCE
DOCUMENT: https://drive.google.com/file/d/1jR8iB_5XEuzDQYifIfni9dWXBno3LAp1/view?usp=sharing

This document contains side-by-side comparisons with 10+ competitor games proving these are industry-standard features that predate both games.
I have a good faith belief that this material was removed due to mistake or misidentification.

I consent to the jurisdiction of Federal District Court for the judicial district in which I reside (or the Northern District of California if my address is outside of the United States), and I will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person.
true
I swear, under penalty of perjury, that I have a good faith belief that the content identified above was removed or disabled as a result of a mistake or misidentification of the material to be removed or disabled.
true
The information I have provided above is accurate to the best of my knowledge.
true
URL(s) of the content in question
https://play.google.com/store/apps/details?id=com.leap.townmatch
Developer
LEAP BİLİŞİM TEKNOLOJİLERİ VE YAZILIM TİCARET ANONİM ŞİRKETİ
App name
Town Match!
Submitter Geolocation
TR
-----------
Mülkiyeliler Sitesi No:2A D7, Açelya Sokak, Daruşşafaka Mahallesi, Sarıyer, İstanbul, Türkiye, 34457
--------------


==================================

Regards,

The Google Team

*For more information about our content removal process, see g.co/legal.*

# Exhibit B



**Can Kaşıkçı** · 12:20 pm
**Town Match Hakkında**
Fatih selamlar,

Matchingham'ı uzun süredir takip ediyorum, çok başarılı işler yapıyorsunuz, daha farklı bir pozisyonda tanışmayı isterdim açıkçası. Yaşadığımız süreçle ilgili bir mesaj atma ve en azından kendimi anlatma ihtiyacı hissettim.

Town Match'i geliştirirken TMC'den ilham aldığımız, hatta maalesef fazla abartıp çok benzer yaptığımız konular oldu. Fakat bunu sonradan fark edip değiştirdik ancak değişmeyen level'lar bir şekilde önünüze düşmüş olmalı. Store şikayetinde ilettiğiniz diğer konularda da sizi haklı bularak değiştirmeye devam ediyoruz.

Bu bir bahane olamaz tabii ki, empati yapınca seni haklı buluyorum, bu genre'yı yaratan oyun sizin oyununuz ancak kötü bir niyetimiz olmadığını, iyi bir oyundan ilham almaya çalışarak buraya farkında olmadan geldiğimizi söylemek istedim.

Sevgiler,
Can



ENGLISH TRANSLATION OF MESSAGE:

*About Town Match*

*Hello Fatih,*

*I've been following Matchingham for a long time, you're doing a great job, and I'd honestly like to meet you in a different capacity.*

*I felt the need to send a message about the process we're going through and at least explain myself.*

*While developing Town Match, we drew inspiration from TMC, and unfortunately, we went overboard and made it too similar in some areas. However, we realized this later and made changes, but the unchanged levels must have somehow ended up in front of you. We agree with you on the other issues you mentioned in your store complaint and are continuing to make changes.*

*Of course, this can't be an excuse. I empathize with you and agree that you're right. This genre was created by your game, but I wanted to say that we had no ill intent and that we unknowingly arrived here by trying to draw inspiration from a good game.*

*Best regards,*

*Can*